## MISSOURI SLOPE AGRICULTURAL & FAIR ASSOCIATION, a Corporation at Mandan, North Dakota, Appellant, v. THOMAS HALL, Secretary of State of the State of North Dakota, Respondent.

(177 N. W. 369.)

**Coporations — time for reinstatement of charter after cancelation stated.**
1. Under §§ 4518 and 4521, Comp. Laws 1913, as amended (chap. 4, Sess. Laws 1918) the six months' period of time within which a corporation may reinstate its charter of record starts from the time of cancelation provided by statute when the secretary of state shall cancel the charter of the corporation on the records of his office.

**Corporations — application for reinstatement of corporation whose charter has been canceled held to be in compliance with statute.**
2. In a mandamus action seeking to compel the secretary of state to reinstate a corporation, where the corporation, a fair association, has failed to file its annual reports or pay the annual filing fees required for the years 1911 to 1919, inclusive, and the secretary of state has not given notice of its default in that regard by registered letter, as required by the statute, and did not enter until May 24, 1919, upon the records of his office the cancelation of such charter, and the corporation thereupon, within six months from the time of such statutory act of cancelation of record by the secretary of state, offered to file all of its annual reports required and tendered payment of the filing fees and a reinstatement fee as required within such six months' period, it is *held* that the corporation complied with the statutory provisions above cited.

Opinion filed March 26, 1920.

Mandamus action in District Court, Burleigh County, *Nuessle, J.,* to compel the secretary of state to reinstate a corporation.

From an order sustaining a demurrer to the petition the defendant has appealed.

Reversed and remanded.

*Nuchols & Kelsch,* for appellant.

*Albert Sheets,* Assistant Attorney General, for respondent.

BRONSON, J. This is an application for a writ of mandamus to compel the secretary of state to reinstate a corporation. The trial court issued an alternative writ upon a petition alleging substantially as follows:

In 1911 the plaintiff became a corporation of this state, organized as an Agricultural and Fair Association, pursuant to the specific statutory provisions therefor. Until the month of July, 1919, they did not make or file annual reports or pay any annual filing fees as required by § 4518, Comp. Laws 1913. On April 1, 1919, the secretary of state gave notice to the plaintiff that he would cancel the corporate charter unless the plaintiff filed its annual reports, paid the annual filing fees, including a reinstatement fee of $5 and $15 for each year that the corporation had failed to file its reports. On May 26, 1919, the secretary of state further notified the plaintiff that he had canceled its charter of record in his office, and that the corporation would be reinstated only upon compliance with the conditions mentioned in the notice given on April 1, 1919. Prior to this time the secretary of state had not entered cancelation of the corporation charter upon his records. On July 23, 1919, the plaintiff offered to file its annual reports from 1911 to 1919, inclusive, tendered $22.50 for filing fees, being $2.50 annually for nine years, and a reinstatement fee of $5. The secretary of state refused to accept or receive such reports, or the filing and reinstatement fees tendered, and has further refused to reinstate the corporation unless it paid in addition $15 for each year that the annual reports were not filed as required.

To such petition the secretary of state interposed a demurrer, which was sustained by the trial court. The corporation has appealed from such order.

Section 4518, Comp. Laws 1913, requires every corporation to file annually, between July 1st and August 1st, its annual report, accompanied with a filing fee of $2.50; it also provides that failure to so do

shall be prima facie evidence that such corporation is out of business, and, further, that it is the duty of the secretary of state to notify such corporation by registered letter of its default, and, unless such corporation shall within sixty days thereafter file such report and pay such fee, he shall enter upon the records of his office the cancelation of such charter.

Section 4521, Comp. Laws 1913 (as amended by chap. 4, Spec. Sess. Laws 1913), provides that any corporation which is engaged in active business, failing to make the required annual report, may be reinstated, upon the filing of complete annual reports, the payment of the $2.50 fee required, and an additional payment of $5 as a reinstatement fee, at any time within six months from the time of cancelation as provided by § 4518. It further provides that likewise it may be reinstated, at any time after the said six months, upon the filing of its annual reports for all years in default, with a fee of $2.50 for each report, and the payment of $15 for each year the corporation has neglected to file such reports.

The sole controversy involved in this case is whether the corporation, in order to be reinstated, is required to make payment of the fees provided within the six months' period, or to make payment of the fees required after such six months' period.

It is the contention of the secretary of state that there is a period of more than six months between the time of the cancelation of the plaintiff's charter and the time of its tender for reinstatement; that the corporation has been in default ever since 1911; that, upon failure to make reports as required, the charter of the plaintiff became *ipso facto* forfeited without any action on the part of the secretary of state, his duties in this regard being directory, and not mandatory; that in fact the condition of default and the time of cancelation as provided in the statute are practically synonomous terms announcing a rule of evidence, and not in any manner an attempt by legislation to cancel in fact plaintiff's charter.

The plaintiff on the contrary maintains that the default mentioned in the statute and the act of entering upon the records the cancelation of the charter are not synonomous terms, and refer to a different status with respect to the delinquency or the right of reinstatement of the corporation.

There is no contention made that the corporate charter, in fact, has been forfeited. It is unnecessary, therefore, to consider the legal effect of the statutory provisions concerning default and cancelation of record, so far as the same affect the forfeiture of the charter. The question presented involves simply what fees the corporation is required by statute to pay upon reinstatement. Obviously, this is a matter entirely of statutory consideration and interpretation.

Pursuant to § 4518, Comp. Laws 1913, the failure of a corporation to make its annual report and payment of the filing fees creates a prima facie condition that it is out of business. Although it is then in default in that regard, its charter is not then subject to cancelation of record. When such corporation is notified by registered letter of such default, and it then fails within sixty days thereafter to file such report and pay such fee, it thereupon becomes the duty of the secretary of state to enter upon the records of his office the cancelation of such charter. Neither the act of default, nor the act or time of cancelation, are the same or synonomous.

Section 4521, Comp. Laws 1913, as amended, provides for reinstatement of such corporation at any time within a period of six months from the *time of cancelation* upon filing its required reports, the payment of the filing fees, and a reinstatement fee of $5. Manifestly the time of cancelation specified can refer to nothing else than the statutory time or act of cancelation required of the secretary of state.

Accordingly, the plaintiff tendered proper fees for its reinstatement. The secretary of state should have received the reports and accepted the fees tendered upon the record before this court.

The order of the trial court is reversed and the cause remanded for further proceedings consonant with this opinion.